UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER WILSON,

        Plaintiff,

v.

UNITED STATES DEPARTMENT
OF JUSTICE and MERRICK GARLAND,

        Defendants.
_____/

Case No. 1:22-cv-1027

Hon. Jane M. Beckering

**REPORT AND RECOMMENDATION**

This is a civil action brought by *pro se* plaintiff Roger Wilson against the United States Department of Justice and United States Attorney General Merrick Garland. For the reasons set forth below, this action should be dismissed.

Wilson did not file a complaint. Rather, he initiated this lawsuit with a document entitled "Notice of Rule 5.1. [ Fed. R. Civ. P. 5.1] Constitutional Challenge to a Statute."[1] Wilson stated that he filed this action "pursuant to Rule 5.1" and seeks to bring a constitutional challenge

---

[1] Fed. R. Civ. P. 5.1 provides in part:

"**(a) Notice by a Party.** A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly: **(1)** file a notice of constitutional question stating the question and identifying the paper that raises it, if: **(A)** a federal statute is questioned and the parties do not include the United States, one of its agencies, or one of its officers or employees in an official capacity . . . and **(2)** serve the notice and paper on the Attorney General of the United States if a federal statute is questioned--or on the state attorney general if a state statute is questioned--either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.

**(b) Certification by the Court.** The court must, under 28 U.S.C. § 2403, certify to the appropriate attorney general that a statute has been questioned.

**(c) Intervention; Final Decision on the Merits.** Unless the court sets a later time, the attorney general may intervene within 60 days after the notice is filed or after the court certifies the challenge, whichever is earlier. Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional. . . .

against a "federal statute regarding same-sex marriage." Compl. (ECF No. 1, PageID.1). Plaintiff contends that this unidentified statute is unconstitutional for various reasons, such as: [t]he United States Government has not been granted the power, either by God, or the Constitution, to either regulate or redefine the institution of marriage"; the First Amendment prohibits the United States Government from making or changing laws respecting an establishment of religion; the government infringed on that right by redefining the institution of marriage to include homosexuality; "[a]n institution created and owned by God, is provided with sovereign immunity by the First Amendment; and "the government breached that immunity." *Id*. at PageID.1-4. For his relief, plaintiff states that he is "challenging the constitutionality of same-sex marriage for the reasons stated herein." *Id*. at PageID.4.

## II.    Discussion

### A.    Lack of subject matter jurisdiction

Wilson lacks standing to bring this lawsuit. "Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Federal subject-matter jurisdiction "can never be waived or forfeited," *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012), and "courts are obligated to consider *sua sponte* whether they have such jurisdiction," *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014). In this regard, Fed. R. Civ. P. 12(h)(3) provides that "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists,

even in the absence of a challenge from any party."); *Rauch v. Day & Night Manufacturing Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) ("Rule 12(h)(3) preserves and recognizes the court's time-honored obligation, even sua sponte, to dismiss any action over which it has no subject-matter jurisdiction").

"Article III standing is a jurisdictional requirement that cannot be waived, and such may be brought up at any time in the proceeding. Fed. R. Civ. P. 12(h)(3)." *Zurich Insurance Company v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2002). As this Court previously explained:

> "The doctrine [of standing to sue] limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *see, e.g., Allen v. Write*, 468 U.S. 737, 751 (1984).
>
> "[T]he 'irreducible constitutional minimum' of standing consists of three elements." *Spokeo*, 136 S. Ct. at 1547 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 556, 560 (1992)). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan*, 504 U.S. at 560-61). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.*
>
> "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual imminent, not conjectural or hypothetical.'" *Id.* (citing *Lujan*, 504 U.S. at 560).
>
> For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way." *Id.* (quoting *Lujan*, 504 U.S. at 560 n.1). "An injury must also be 'concrete'"—that is, it "must be '*de facto*'" and "actually exist." *Id.*
>
> "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element [of standing]." *Id.* at 1547 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). And, of course, a plaintiff "must demonstrate standing for *each claim* he seeks to press and for each form of relief that is sought." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (emphasis added); *accord Town of Chester, N.Y. v. Laroe Estates, Inc.*, __ S Ct. __, 2017 WL 2407473, at *5 (2017).

3

*Miller v. Interurban Transit Partnership*, No. 1:18-cv-905, 2019 WL 4196148 at *2 (Aug. 7, 2019), R&R *adopted* 2019 WL 4194326 (W.D. Mich. Sept. 4, 2019).

Here, Wilson's "Notice" is not a complaint and does not contain any allegations that he suffered an injury. Wilson's Notice is essentially a manifesto expressing his religious beliefs regarding homosexuality and the institution of marriage, and his personal opinions regarding the limited role of the federal government. In short, Wilson has not shown that he has standing to bring this lawsuit under Article III. *See Spokeo*, 136 S. Ct. at 1547. Accordingly, Wilson's lawsuit should be dismissed for lack of federal subject matter jurisdiction.

### B. Wilson has failed to state a claim

Furthermore, Wilson has failed to state a claim. The Court allowed Wilson to file this action *in forma pauperis* pursuant to § 1915. *See* Order (ECF No. 5). For that reason, it must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted." In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Under this standard:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). As discussed, while *pro se* pleadings are to be liberally construed, "this court is not required to conjure up unpled allegations." *Dietz v.Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

Here, Wilson did not file a complaint. He brought this lawsuit pursuant to Fed. R. Civ. P. 5.1 and commenced it by filing a "Notice" under that rule. Wilson cannot bring a lawsuit under this rule because "Rule 5.1 of the Federal Rules of Civil Procedure is strictly a procedural rule and not a basis for a cause of action." *Hale/Camacho v. Department of Saftey & Homeland Security*, No. 2:19-02519-MSN-DKV, 2019 WL 5199239 at *4 (W.D. Aug. 30, 2019), R&R *adopted* 2019 WL 5197302 (W.D. Tenn. Oct. 15, 2019). Furthermore, the substance of this "Notice" does not state a claim to relief that is plausible on its face. As discussed, Wilson's Notice does not contain any factual allegations and is essentially a manifesto expressing his religious beliefs and personal opinions. Accordingly, the lawsuit should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III.    RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's complaint be **DISMISSED**.

Dated:  January 6, 2023                        /s/ Ray Kent
                                               RAY KENT
                                               United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).